UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM L. HASELBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:10 CV 47 |
| | ) |
| LOGANSPORT MEMORIAL | ) |
| HOSPITAL BOARD OF TRUSTEES, | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

This matter is before the court on defendant's motion to dismiss. (DE # 9.) Plaintiff has responded to the motion (DE # 11), and defendant has replied (DE # 12). For the reasons set forth below, the motion is granted.

Plaintiff alleges, in his complaint, that he began working for defendant as an emergency medical technician on October 27, 1993. (Compl. 2.) On April 2, 2008, plaintiff was terminated as part of what defendant claims was a reduction-in-force. (Compl. 3.) Plaintiff alleges that within approximately three months, defendant posted an employment opportunity for plaintiff's former position on its website. (Compl. Ex. B.) Plaintiff further alleges that on July 28, 2008, he became aware that his former position was filled by an individual substantially younger than him. (Compl. 3.) On December 4, 2008, plaintiff filed a charge with the EEOC claiming that he was terminated by defendant in violation of the Age Discrimination in Employment Act (the "ADEA"). (Compl. Ex. B at 1.) After the EEOC issued plaintiff a right-to-sue notice, plaintiff filed the present lawsuit. (Compl. Ex. A.)

Defendant has moved to dismiss plaintiff's complaint under RULE 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to state a claim upon which relief may be granted. RULE 8 of the FEDERAL RULES OF CIVIL PROCEDURE sets forth the pleading standard for complaints filed in federal court; specifically, that rule requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. "The RULE reflects a liberal notice pleading regime, which is intended to focus litigation on the merits of a claim rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (internal quotation marks omitted). "While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). A plaintiff must allege "how, in the plaintiff's mind at least, the dots should be connected." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 407 (7th Cir. 2010).

The parties do not dispute that an ADEA plaintiff is required to file a charge of discrimination with the EEOC within 180 days after the unlawful practice occurred. 29 U.S.C. § 626(d)(1)(A). It is also undisputed that plaintiff's charge was not filed within 180 days of his termination. Nonetheless, plaintiff argues that the date of his termination is not the date of accrual for purposes of starting the 180-day clock; rather, plaintiff argues that he was entitled to 180 days from the date he learned that he was replaced by a substantially younger individual. Defendant argues that the date of

2

plaintiff's termination is indeed the date the 180-day clock began to run because that is the date on which plaintiff experienced his alleged injury, whether or not he realized that his injury might have been the result of illegal discrimination.

In the Seventh Circuit, "[a] plaintiff's action accrues when he discovers that he has been injured, not when he determines that the injury was unlawful." *Thelan v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 (7th Cir. 1995). Thus, defendant is correct that plaintiff's action accrued on April 2, 2008, when plaintiff was terminated. *Id.* (holding that ADEA plaintiff's injury, and therefore the date of his action's accrual, was the date of his termination). Plaintiff's argument that his cause of action did not accrue until he discovered information from which he ascertained the unlawful nature of his layoff is "meritless" because "such a contention has nothing to do with accrual." *Teumer v. General Motors Corp.*, 34 F.3d 542, 550 (7th Cir. 1994).

As was the case with the plaintiff in *Teumer,* the plaintiff in this case "is really insisting that the limitations clock should be *equitably tolled* for the time in which he was unable to determine that his injury (of which he was aware)-the layoff-was due to wrongdoing." *Id.* (emphasis added). The running of the statute of limitations on an action can be equitably tolled when, despite all due diligence, a plaintiff is unable to obtain enough information to conclude that he may have a discrimination claim. *Thelen*, 64 F.3d at 268. Whether the limitations period should be equitably tolled is an issue on which a plaintiff ultimately bears the burden of proof. *See Hamilton v. Komatsu Dresser Indus., Inc.*, 964 F.2d 600, 606 (7th Cir. 1992). "Equitable tolling is rarely granted" and is

3

applied "sparingly[,] only when extraordinary circumstances far beyond the litigant's control prevented timely filing." *Simms v. Acevedo,* 595 F.3d 774, 781 (7th Cir. 2010).

In this case, plaintiff alleges that approximately three months after he was terminated, defendant advertised for applicants for the position plaintiff previously held. (Compl. Ex. B. at 1-2.) He also alleges that "on July 28, 2008, the Plaintiff became aware that his former position of EMT was filled by an individual substantially younger than Plaintiff." (Compl. 4.) Plaintiff then filed his EEOC charge four months and one week later, on December 4, 2008. (Compl. Ex. B at 1.) Plaintiff argues that because he filed his charge within 180 days of learning of his substantially younger replacement, his charge was timely filed. However, the theory of equitable estoppel does not grant a plaintiff a fresh 180 days to file his charge once he obtains enough information to suspect discrimination; he must file his charge with the EEOC within a *reasonable* time. *Thelen*, 64 F.3d at 268.

According to the Seventh Circuit, a "reasonable time" for purposes of equitable tolling consists of days or weeks, not months or years. In *Thelen,* the plaintiff waited 10 months after learning that an individual 33 years younger than him was performing his prior job duties to file his charge with the EEOC. *Id.* The Seventh Circuit held that the delay was unreasonable and stated that the plaintiff "could have filed his administrative complaint within days, and at most weeks" from the date he learned of the younger replacement. *Id.*; *see also Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 452 (7th Cir. 1990) (declining to apply equitable tolling doctrine because plaintiff "could

4

have prepared an adequate administrative complaint within days" of discovering he had been replaced by a younger individual). Even shorter lengths of time than four months and one week have been deemed unreasonable delays in the context of equitable tolling. *See Elmore v. Henderson,* 227 F.3d 1009, 1013 (7th Cir. 2000) (equitable tolling not available where plaintiff delayed four months); *Tate v. I.B.E.W.-N.E.C.A. Tech. Inst.,* No. 09 C 1592, 2009 WL 3839319, at *3 (N.D. Ill. Nov. 10, 2009) (equitable tolling not available when plaintiff delayed three months because "reasonable time" standard permits delay of days and, at most, weeks); *Athmer v. C.E.I. Equip. Co., Inc.,* 121 F.3d 294, 297 (7th Cir. 1997) (equitable tolling not available where plaintiff delayed six weeks). Courts have found multi-month delays particularly egregious when the plaintiff offers no excuse for his tardiness. *See Carrier v. City of Fort Wayne,* No. 1:08-CV-314, 2009 WL 4794376, at *6 (N.D. Ind. Dec. 8, 2009) (collecting cases and declining to apply equitable tolling given four-month unexplained delay).

The principles set forth in these cases apply here. Plaintiff waited four months and one week after learning that he was replaced by a substantially younger individual to file his charge with the EEOC, and his complaint contains no allegations justifying this delay. In other words, the complaint does not allege sufficient facts which, if true, would warrant a finding of a reasonable delay to support a plausible theory of equitable tolling. *See Ray,* 629 F.3d at 662-63.

In sum, the court must find that this suit is time barred because plaintiff's EEOC charge was filed in excess of the 180-day limitations period and the complaint alleges no

circumstances justifying equitable relief from the statute of limitations. Plaintiff has not requested leave to amend his complaint, and the court is not required to grant such leave *sua sponte* before dismissing an insufficient complaint. *James Cape & Sons Co. v PCC Constr. Co.,* 453 F.3d 396, 400-01 (7th Cir. 2006). Therefore, defendant's motion to dismiss (DE # 9) is **GRANTED** and the clerk is directed to **ENTER FINAL JUDGMENT** as follows:

> Judgment is entered in favor of defendant Logansport Memorial Hospital Board of Trustees, and against plaintiff William L. Haselby, who shall take nothing by way of his complaint.

**SO ORDERED.**

Date: May 12, 2011

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT